IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD ERBY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, ET AL.,<br><br>    Defendants. | No. 2:23-cv-02239-SHM-tmp |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, DENYING PENDING MOTIONS (ECF NOS. 5, 6, 7, 8, 9, 10 & 11), AND GRANTING LEAVE TO AMEND**

On April 21, 2023, Richard Erby[1], booking number 22107449, who is incarcerated at the Shelby County Criminal Justice Center ("SCCJC") in Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 25, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. On June 11, 2025, Erby filed a motion to appoint counsel, a motion for request of response to civil summons or complaint, a motion for request of pre-trial conference, a motion for notice to and of intent to introduce certified documents, a motion for request of

---

[1] Erby is awaiting trial on charges of attempted first-degree murder, employing a firearm with the intent to commit a felony, unlawful carrying or possession of a firearm, especially aggravated burglary, and reckless endangerment. *See* Shelby County Criminal Justice System Portal, *State v. Erby*, Case No. C2207044, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed July 15, 2025). On May 11, 2023, the Court warned Erby in Case No. 22-2878 about his vexatious filing practices. (*See* Civil No. 22-2878, ECF No. 5 at PageID 49-51.) At the time, Erby had twenty-one (21) cases pending in the Court and multiple lawsuits alleging similar claims. (*Id.* at PageID 50.) Erby was warned that realleging "claims that he has asserted in a previously-filed case" will result in the new cases being filed for statistical purposes and being summarily dismissed. (*Id.*) Presently, Erby has more than fifty (50) pending cases in this Court.

admission, and a motion for demand of a civil speedy trial. (the "Pending Motions", ECF Nos. 5, 6, 7, 8, 9, 10 & 11.)

The complaint (ECF No. 1) and Pending Motions (ECF Nos. 5, 6, 7, 8, 9, 10 & 11) are before the Court.

I.      **BACKGROUND**

Erby alleges violations of federal and state statutes and Policy 406, Indigent Services. (ECF No. 1 at PageID 2, 5-6.) Although his complaint, like most of his others, contains many conclusory allegations, he essentially seeks monetary damages for denial of hygiene products. He alleges "current real time problems occurring as this suit is being read" and that he has "exhausted any [and] every solution." (*Id.* at PageID 5.) Erby alleges that policies and procedures were developed for the SCCJC based on federal and state statutes. (*Id.*) Erby alleges that "[t]his facility is a dangerous habitat and consistently gets worse[] over time." (*Id.*) Erby alleges that the Federal and State rights, including the equal protection and due process rights, of Erby and others housed at the SCCJC are being violated. (*Id.* at PageID 5.)

Erby alleges that he has been punished and "made to suffer for the actions of others" and that this treatment has caused him "to think (Mental), feel (Emotionally), and suffer (physically) bodily pains through and because of public officials [n]egligence & abuse of [a]uthority & [r]esponsibility." (*Id.* at PageID 5.) Erby alleges that his "treatment is inhumane and a blatant act of disorderly conduct." (*Id.*) Erby alleges that the facility is short on staff and that he is being treated "cruelly and unusually and is being entrapped due to officers['] negligence." (*Id.*) Erby alleges that he has been threatened to remain silence (sic)." (*Id.*)

Erby alleges that he has "suffered police brutality" and that the SCCJC has failed in its mission statement that "Shelby County Sheriff Office Jail Division shall accommodate

2

inmates/detainees as long as it does not impose a threat to the normal operations of the facilities in which these procedures are applicable to all Shelby County Sheriff Office jail person[n]el[] and inmates." (*Id.* at PageID 5-6.) Erby alleges "I do FEAR or Think and Feel as if my life is in imminent danger." (*Id.* at PageID 6.)

Erby attaches portions of the United States Constitution and the Tennessee Constitution to the Complaint. (*Id.* at PageID 7-8, 10.) He attaches a statement about how to "make out" and sustain an equal protection claim based on selective enforcement. (*Id.* at PageID 9.) Erby attaches a handwritten document titled "Shelby County Sheriff's Office Standard Operating Procedures for Indigent Services Policy Number: 406." (*Id.* at PageID 11-13.)

Erby sues Defendants: (1) the State of Tennessee; (2) Shelby County, Tennessee; (3) SCSO[2] Jail Division; (4) Shelby County Mayor Lee Harris; (5) Sheriff Floyd Bonner; (6) Chief Kirk Fields; (7) Chief Barnett; (8) Chief Rudd; (9) Chief Anderson; (10) Chief Hubbard; (11) Captain Talley; (12) Captain Harris; (13) Lieutenant Bunting; (14) Lieutenant Johnson; (15) Lieutenant Lee; (16) Lieutenant Cato; (17) Lieutenant C. Morris; (18) Lieutenant Cleaves; (19) Lieutenant Vaner; (20) Lieutenant Jones; (21) Lieutenant Parker; (22) Sergeant Brown; (23) Sergeant Mourning; (24) Sergeant Echols; (25) Sergeant Dodson; (26) GIU Williams; (27) Sergeant Buford; (28) Counselor Wilson; (29) Officer Harris; (30) Officer C. Young; (31) Officer Jamar Robertson; (32) Sergeant Jackson; and (33) Lieutenant Peppers. (ECF No. 1 at PageID 1-2.)

Erby seeks: (1) "a Civil Investigative Demand in order to secure information to prove a False Claims Act (F.C.A.)" that the SCCJC is "promoting and initiating False Reports to the Government"; (2) two hundred fifty thousand dollars ($250,000.00) for physical and mental,

---

[2] "SCSO" refers to Shelby County Sheriff's Office.

damages; and (3) for the SCCJC "to provide adequate indigent services as policy dictate officers should and give out all the materials officers are withholding." (*Id*. at PageID 5, 14.)

For the reasons explained below, the complaint is **DISMISSED,** and the Pending Motions are **DENIED**.

## II.   SCREENING

### A. Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual

4

allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B. **Requirements To State A Claim Under § 1983**

Erby alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. **ANALYSIS**

A. **State of Tennessee**

Erby sues the State of Tennessee. (ECF No. 1 at PageID 1-2.) A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (noting that "it would be odd for § 1983 to create a right that sovereign immunity immediately takes away"). Erby's claims

5

against the State of Tennessee are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### B. SCSO Jail Division

Erby sues the SCSO Jail Division. (ECF No. 1 at PageID 1.) Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Erby's claims against the SCSO Jail Division are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### C. The Alleged Constitutional Violation

Erby does not specify whether he is suing the Individual Defendants[3] in their official or individual capacities. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" shows that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for

---

[3] The "Individual Defendants" are Lee Harris, Bonner, Fields, Barnett, Rudd, Anderson, Hubbard, Talley, Capt. Harris, Bunting, Johnson, Lee, Cato, Morris, Cleaves, Vaner, Jones, Parker, Brown, Mourning, Echols, Dodson, Williams, Buford, Wilson, Officer Harris, Young, Robertson, Jackson and Peppers.

compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)). Based on the course of proceedings to date, the Court construes Erby's claims against the Individual Defendants as official capacity claims. The official capacity claims in Erby's complaint are treated as claims against the Individual Defendant's employer — Shelby County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Shelby County may be held liable *only* if Erby's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Official policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Although civil rights plaintiffs are not required to plead facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507

7

U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06 CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). Erby's complaint can be construed liberally to allege a persistent practice of not providing the indigent supplies referred to in SCSO Jail Policy 406 to pretrial detainees because he alleges that he is "consistently being deprived of these obligations[.]" *See Franklin v. Franklin Cnty., Kentucky*, 115 F.4th 461, 472 (6th Cir. 2024) (requiring the existence of a clear and persistent pattern of" unconstitutional conduct.)

The Eighth Amendment imposes a constitutional limitation on the power of states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes,* 452 U.S. at 346). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An Eighth Amendment conditions-of-

confinement claim contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834. The objective component requires the plaintiff to demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. The subjective component requires the official to "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees as the Eighth Amendment provides for inmates. *See Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 27 (6th Cir. 2022) (citing *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016)). The "proper inquiry" to evaluate the conditions of confinement for a pretrial detainee is "whether those conditions amount to punishment." *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 569 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 595-96 (6th Cir. 2021), the Sixth Circuit determined that the subjective component of the Eighth Amendment analysis does not apply to pretrial detainees because they are not subject to punishment. To show the subjective component of deliberate indifference, a pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. at 596; *see Lawler as next friend of Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 927 (6th Cir. 2024) (pretrial detainees must prove that the officers recklessly disregarded a risk so obvious that they either knew or should have known of it).

9

Sanitary living conditions and personal hygiene are among the necessities of life protected by the Constitution. *See Gilland v. Owens*, 718 F. Supp. 665, 684 (W.D. Tenn. 1989). "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). The Sixth Circuit "has concluded that deprivation of a shower and other personal hygiene items for a 'brief span of time . . ., i.e., only six days' is not actionable conduct." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Siller v. Dean*, 205 F.3d 1341 (6th Cir. 2000) (unpublished decision)); *see Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("Courts have not found the objective component satisfied where the deprivation of hygiene items was temporary."). The long-term denial of basic hygiene items *may* give rise to a Fourteenth Amendment violation. *See Flanory*, 604 F.3d at 254, 256 (denial of toothpaste for 337 days resulting in periodontal disease and tooth extraction "amounts to more than a mere inconvenience or a harmless deprivation of hygiene products"); *see O'Neill v. Adams Cnty. Jail*, No. 1:23-CV-200, 2024 WL 3754879, at *10 (S.D. Ohio Aug. 12, 2024) (a 264-day deprivation of personal hygiene items because the "risk of such harms arising from extended deprivation of hygiene items is so obvious that Defendants should have known about it").

Erby alleges that he has suffered "bodily pains" because of "public officials['] negligence [and] abuse of [a]uthority [and] [r]esponsibility." (ECF No. 1 at PageID 5.) To obtain monetary damages, the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004). The Sixth Circuit has "indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not

10

be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory*, 604 F.3d at 254.

Erby has failed to allege sufficient facts to make a showing of physical injury that is more than *de minimis*. *See* Fed. R. Civ. P. 8; *see Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (allegations that plaintiff "suffered emotional distress, embarrassment, humiliation, and itching" amount to "at most only de minimis physical injury"); *see Wallace v. Coffee County, Tennessee*, 852 F. App'x 871, 878 (6th Cir. 2021) (describing small bruises, minor cuts and "vague injuries" as *de minimis*); *see Harris v. Sheriff*, No. 3:15-cv-0356, 2015 WL 13950142, at *4 (M.D. Tenn. (Dec. 11, 2015) (finding that skin rash on the arm was not more than *de minimis*).

For these reasons, Erby's Fourteenth Amendment claim seeking monetary damages for denial of hygiene products is **DISMISSED WITHOUT PREJUDICE**.

### D. <u>Violation of SCCJC Indigent Services Policy</u>

The Complaint alleges violations of the SCCJC Policy 406 in distributing Indigent Supplies for inmates. (ECF No. 1 at PageID 2, 5, 11-13.) "Failure to comply with jail policy is not a *per se* constitutional violation." *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015). Section 1983 does not provide a remedy for violating state laws or regulations. *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994); *see Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding a violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). To state a claim under § 1983, Erby would have to show not only that the SCCJC's policy was violated, but that his constitutional rights were violated. He has not. Erby is

11

not entitled to relief under § 1983 for violation of the SCCJC's policy addressing the distribution of Indigent Supplies. His claim is DISMISSED WITH PREJUDICE.

### E. Tennessee Constitution

Erby refers to the Tennessee Constitution. (ECF No. 1 at PageID 8, 10.) Erby fails to plead facts alleging a violation of the Tennessee Constitution as required by Fed. R. Civ. P. 8. To the extent Erby attempts to allege a violation of the Tennessee Constitution, he fails to state a claim to relief. His claim is DISMISSED WITHOUT PREJUDICE.

### F. Injunctive Relief

The Court construes Erby's requests for a civil investigation and for the SCCJC to follow jail policy as requests for injunctive relief. (*See* ECF No. 1 at PageID 5, 14.) The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell*, 441 U.S. at 548. The Court will not intervene to grant relief that affects the daily operations and administration of the SCCJC. Erby's requests for injunctive relief are **DENIED**.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a

12

deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Erby leave to amend under the guidelines set forth below.

V.      **CONCLUSION**

For the reasons set forth above:

A.      The claims against the State of Tennessee and the SCSO Jail Division and his claim for violations of the SCCJC Indigent Services Policy are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

B.      Erby's Fourteenth Amendment claims are otherwise **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

C.      To the extent Erby alleges violations of the Tennessee Constitution, the claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

D.      Erby's requests for an investigation and injunctive relief are **DENIED**.

E.      The Complaint is **DISMISSED** in its entirety because the claims fail to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

F.      Erby's Pending Motions (ECF Nos. 5, 6, 7, 8, 9, 10 & 11) are **DENIED** subject to refiling if the case proceeds.

      G.      Leave to amend the claims dismissed without prejudice is **GRANTED**. Amended claims must be filed within twenty-one (21) days after the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Erby's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Erby must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Erby fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

      **IT IS SO ORDERED** this _15th_ day of July, 2025.

                                                      /s/ *Samuel H. Mays, Jr.*
                                                      SAMUEL H. MAYS, JR.
                                                      UNITED STATES DISTRICT JUDGE